IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| John G. Singletary, | ) | Civil Action No. 2:12-940-RMG-BHH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| Allstate Insurance Company and its agents jointly and severally, | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |

This matter is before the Court on the defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 [Docs. 87]. The plaintiff has responded in various documents, some duplicative of others. [Docs. 84, 86, 94, 95.] Others are untimely. It is of no moment; they are not effective.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The plaintiff continues to challenge the authority of the undersigned to hear matters in this case. Specifically, the plaintiff believes that his consent is necessary. But, no consent of the parties is required, when the magistrate judge issues a report and recommendation, as here, 28 U.S.C. § 636(b)(1)(B) or where the magistrate judge issues an an order on any matter not specifically designated in Section 636(b)(1)(A).

The plaintiff also reiterates certain requests for subpoena and discovery, which the Court has previously rejected [see Doc. 77]. As far as the Court is aware, the plaintiff has not cured any of the deficiencies in his discovery efforts that would make additional discovery now compellable or, judgment, proper to delay.

**APPLICABLE LAW**

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts

to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

**DISCUSSION**

This lawsuit arises out of an automobile accident that occurred ,on January 23, 2012, resulting in physical damage to the plaintiff's vehicle, a 2002 Toyota Tundra truck. The plaintiff has a contract for insurance with the defendant and properly filed a claim regarding coverage for the accident, on that same day. It appears that the case concerns a difference between the parties as to the fair market value ("FMV") of the truck, such difference totaling only $600 but likely no more than $2100. [See Doc. 1 at 2; Doc. 25 at 3.] The defendant has put forward undisputed evidence that it eventually offered the plaintiff $7400 for the damage to his truck, after initially appraising it for $5,971.15. (See Rumpp Aff. ¶ 15; Fales Aff. ¶¶ 9, 20.) It is also undisputed that the plaintiff declined that offer, and instead requested at least $8000. (Fales Aff. ¶ 20; Pl. Dep. at 134-35.) When the defendant refused, he filed this federal case, ostensibly over the fraud inherent in $600.

To that end, the plaintiff alleges that the defendant "falsified computations for the purposes" of determining the FMV and "misrepresented material facts in Allstate's valuation." [Doc. 1 at 2.] The plaintiff has requested fifty million dollars ($50,000,000.00) in actual and punitive damages. The plaintiff also contends that his car was moved across state lines without his permission.

**I.     Fraud**

The defendant first moves for dismissal of the plaintiff's fraud claim. Under South Carolina law, to establish a cause of action for fraud, the plaintiff must prove each of the following nine elements: (1) a representation; (2) the falsity of the representation; (3) the materiality of the representation; (4) the speaker's knowledge of its falsity or a reckless disregard for its truth or falsity; (5) the speaker's intent that the representation be acted upon by the person hearing the representation; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *M. B. Kahn Constr. Co., Inc. v. S.C. Nat'l Bank of Charleston*, 271 S.E.2d 414, 415 (1980). Failure to prove any of these elements is fatal. Fraud is not to be presumed. It must be proven by clear, cogent, and convincing evidence. *Bostick v. Orkin*, 806 F. 2d 504, 508 (4th Cir. 1986) (internal citations omitted).

3

The plaintiff has not produced evidence as to any element, other than that a representation about the FMV of the truck was made. The plaintiff has not created any issues of fact as to the falsity of the defendant's statements about the truck's value. On summary judgment, the plaintiff has provided no independent valuation of the vehicle, whatsoever, either through documentation or even his own personal guess. He does attempt to disparage the defendant's valuation in two ways. First, he claims there are discrepancies between the adjuster's affidavit, submitted in conjunction with the defendant's summary judgment, and the original valuation report. There are not.

The plaintiff contends that the Kenyon Rumpp's adjuster affidavit is a "sham" and that it contains many "non-truths," [Doc. 86 at 2-3], including, that the truck was devalued for the presence of "smoke or burns" or "missing hub caps," *id.* at 2. But, as far as the Court can tell, Rumpp did not mention either condition in his affidavit. (See Rumpp Aff. ¶ 12.) Rumpp represents that the interior of the car was in below average condition, including extensive rot and mildew, and that there were scrapes on the "wheel covers." *Id*. There is no mention of smoke or burns or missing hub caps.

Regardless, even if he had specified, in has affidavit or elsewhere, the presence of smoke or burn marks and missing hub caps, it would not be evidence of any material discrepancy with the original valuation. The initial valuation report, specifically references an attached Condition Adjustment Detail. (Fales Aff., Ex. A at 4.) The Condition Adjustment Detail, with respect to the interior seats and carpets, says simply "Minor Wear," without any particular specification. *Id*. at 5. This generalized description might reasonably include smoke or burn stains; it seems enough that a diminution in the interior condition was noted and accounted for.

Moreover, under the "Conditioning Notes," which precedes the Condition Adjustment Detail, it states, with respect to the interior carpets, "Extensive rot or mildew," *id*., a comment wholly consistent with the Rumpp Affidavit. (See Rumpp Aff. ¶ 12.)

Finally, Rumpp's Affidavit is not the alleged fraudulent representation. The valuation is. And, the plaintiff has not rejected, in even a conclusory way, that there was rot or mildew in the interior of the car such that it's value should be reduced by an additional amount. In

4

other words, the actual basis for the devaluation has not been challenged. No jury could find a false representation as the valuation amount based on any discrepancy between the valuation report and Rumpp's Affidavit.

Second, the plaintiff contends:

> Allstate's incorrect valuations submitted to the state as third party documents when in fact they are Allstate's self produced documents by an Allstate subsidiary. Exhibit A shows an Allstate 13F form from the SEC that has factual proof that "Copart" is indeed under subjection to Allstate's control by virtue of the number of shares owned by Allstate.

(Pl. Brief at 4.) In other words, he implies that the defendant manipulated the company, Copart, which did the fair market valuation. He submits a Securities Exchange Commission filing in support. [Doc. 84-1 at 15.] As the defendant represents (Def. Reply at 4), however, that filing reflects a .0000977 interest in Copart (the defendant possessing 8,246 share out of a total of 84, 367,430 shares). [Compare Doc. 84-1 at 15 with http://quote.morningstar.com/stock-filing/Annual-Report/2010/7/31/t.aspx?t=XNAS:CPRT&ft=10-K&d=7a67b7d1bc1cf61fd717c44a91222c34.] That makes Copart neither a subsidiary of Allstate nor subject to its control, as alleged. This evidence does not imply collusion or a lack of objectivity or any other basis for falsity in the truck valuation.

There is no evidence in the record that the valuation was false. That the plaintiff subjectively thought he was owed $600 more is certainly no proof. *See U.S. v. Abbey*, 560 F.3d 513 (6th Cir. 2009) ("The term 'fair market value' means 'objective' and Abbey's argument that the standard is subjective is thus foreclosed.")

Even were some falsity in the valuation established, the plaintiff has also produced no evidence as to (1) the defendant's knowledge of any false statement; (2) its intent that the plaintiff would rely on such falsity; or (3) that the plaintiff relied on such alleged falsity to his detriment. Indeed, although he claims to have "believed" Allstate, he readily admits, he did not take the money offered, because he went and looked at comparable truck values, which he found were generally higher. (Pl. Dep. at 138-39.) There is no evidence of the plaintiff's reliance on any false statement.

And, the plaintiff's sworn testimony that he reviewed comparable truck values, *at the defendant's provocation*, is actually evidence, which tends to undercut any argument that the defendant intended for the plaintiff to rely on some previously provided and false valuation. *Id*. at 139. He certainly has not produced affirmative evidence of intent or knowledge, which is essential. *See Winburn v. Minnesota Mut. Life Ins. Co.*, 201 S.E.2d 372, 377 (S.C. 1973).

No fraud claim can possibly lie.

## II. Interstate Transfer of Vehicle

The plaintiff has also alleged that the defendant improperly transported his truck from Ridgeville and Lebanon, South Carolina, out of state, possibly to North Carolina. (Compl. at 3.)

The defendant, however, has submitted contemporaneous electronic claim file notes, which indicate that, as of January 30, 2012, the vehicle needed to be moved and that the plaintiff lent his consent. (Rumpp Aff. Ex. 1 at 2.) The plaintiff has submitted an affidavit that generally concerns the removal of property, valued in excess of $5000, across state lines, but nowhere in the affidavit does he swear that he did not consent to the truck's removal, in this instance. (See Pl. Aff.)

Even had he, the Court is dubious that issues of fact as to his consent would have been created. The defendant has produced a contemporaneous business record. The plaintiff would have, if he had, produced only a self-serving affidavit, which is disfavored at summary judgment. A self-serving affidavit, without more, is not sufficient to defeat summary judgment. *Jeandron v. Board of Regents of University System of Maryland*, 510 Fed. Appx. 223, 228 (4th Cir. 2013). The Court would not recommend that a jury have occasion to elect that bald and self-serving affidavit, submitted now, over the contemporaneous business record.

Moreover, the two statutory bases of liability alleged are inapposite.

First, the plaintiff claims that the transfer violated some unspecified federal statute, which prohibits the transfer of property, worth more than $5000, across state lines. Predicate to a civil RICO claim, it does appear that a plaintiff can claim transportation of

stolen monies or property, as defined by 18 U.S.C. § 2314, as a predicate act. *See Estate of Wooters ex rel. Klein v. Goujjane*, 305 F. Supp. 2d 280, 286 (S.D.N.Y. 2003). But, he must establish that the defendant devised a scheme to defraud or to obtain money or property by false or fraudulent purposes, and in connection with that scheme, transported money or property having a value of $5,000 or more in interstate or foreign commerce. *See* 18 U.S.C. § 2314.

As stated, there is no evidence of fraud in this case much less a "scheme" to effectuate in such alleged fraud.

Likewise, the South Carolina statute the plaintiff recommends, concerns abandoned property and is not applicable. *See* S.C. Code § 56-5-5630(A)(2).

The plaintiff has raised no issues of fact as to the defendant's liability for any *transfer* of the truck. He does not argue conversion. And, there is no evidence of it. The fair market value insurance payment for the truck has been in dispute. The plaintiff has never argued that the vehicle is *not* totalled.

No claim for transfer of the truck should continue.

## **CONCLUSION**

Wherefore, based upon the foregoing, the Court recommends that the defendant's motion for summary judgment [Doc. 79] be GRANTED and all of the plaintiff's claims dismissed *with prejudice*.

IT IS SO RECOMMENDED.

                                           s/Bruce Howe Hendricks
                                           United States Magistrate Judge

October 29, 2013
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).