IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED CLERK'S OFFICE

2013 NOV 21 A 9:57

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

| | |
|---|---|
| John G. Singletary, ) | No. 2:12-cv-940-RMG |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| Allstate Insurance Company and its agents jointly and severally, ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court grant Defendants' motion for summary judgment and dismiss this action with prejudice. (Dkt. No. 115). For the reasons set forth below, the Court agrees with and wholly adopts the R&R as the order of the Court.

## Background

Plaintiff, proceeding *pro se*, brought this action against Defendants, his automobile insurance provider, for allegedly undervaluing his truck after a collision. (Dkt. No. 1). Plaintiff brings a cause of action for fraud relating to the valuation and also complains that Defendants moved his truck from South Carolina without his permission. Because of Plaintiff's *pro se* status, this case was automatically referred to a United States Magistrate Judge for pretrial handling pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC. On March 18, 2013, Defendants filed a motion for summary judgment. (Dkt. No. 79). Plaintiff then filed a response in opposition, (Dkt. No. 84), and Defendants filed a reply, (Dkt. No. 87). The Magistrate Judge then issued the present R&R recommending that the Court grant Defendants'

1

motion for summary judgment. (Dkt. No. 115). Plaintiff then filed timely objections to the R&R. (Dkt. No. 117).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

After review of the record, the R&R, and Plaintiff's objections, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court. (Dkt. No. 115). Regarding Plaintiff's fraud claim, the Court agrees that there is no evidence supporting several elements of that cause of action, including Plaintiff's reliance on any representation, Defendants' knowledge of any false statement, or its intent that Plaintiff would rely on the statement. Further, the Court agrees that

Plaintiff's claim regarding the alleged transfer of his vehicle should be dismissed because there is no evidence he did not consent to have his truck moved and the federal and state statutes he cites, 18 U.S.C. § 2314 and S.C. Code § 56-5-5630(A)(2), are inapplicable to the facts of this case.

Plaintiff's objections are unavailing. Plaintiff's primary concern appears to be that he did not consent to this case being referred to the Magistrate Judge and that her orders are therefore void. However, consent of the parties is not required when a case is automatically referred under 28 U.S.C. § 636(b). *In re Zaczek*, 902 F.2d 31 (4th Cir. 1990) (table opinion) ("Zaczek brought this petition for writ of mandamus seeking an order directing the district court to remove the matter from the magistrate's jurisdiction and vacating the magistrate's orders because of the lack of § 636(c) consent. We deny the petition because the case was properly referred to the magistrate pursuant to § 636(b), for which no consent is required.").

Plaintiff also objects that discrepancies between his affidavits and those of the Defendants are reason enough to deny summary judgment. However, factual disputes must be genuine and material to survive summary judgment, and Plaintiff points to none. Fed. R. Civ. P. 56(a). For example, Plaintiff asserts that a police report conflicts with Defendants' assessment of the damage to his truck, but he does not provide a citation to the alleged report and the Court could not discover one in the record. *See* Fed. R. Civ. P. 56(c)(1)(a) (party asserting a fact is genuinely disputed must provide citations to material in the record). Similarly, Plaintiff argues that Defendants' representations that his vehicle had a missing hubcap and smoke burns are not true, however, Plaintiff offers no record evidence to support his contentions beyond self-serving affidavits. In fact, the evidence Plaintiff produced tends to affirm Defendants' representations; for example, Plaintiff submitted a picture of his truck showing a missing hubcap or wheel cover on the front passenger wheel. (Dkt. No. 84-1 at 17). *See Riley v. Honeywell Tech. Solutions,*

3

*Inc.*, 323 Fed. App'x 276, 278, n.2 (4th Cir. 2009) (holding that Plaintiff's "self-serving contentions . . . were properly discounted by the district court as having no viable evidentiary support."). Thus, the Court agrees with the Magistrate Judge that no genuine dispute of material fact exists here.

Finally, Plaintiff objects that his claim should properly be considered as one for breach of contract accompanied by a fraudulent act. However, as discussed above and more fully in the Magistrate Judge's R&R, Plaintiff has failed to point to evidence in the record which would create a genuine dispute of fact as to Defendants' fraudulent intent or fraudulent acts in valuing his vehicle. *See RoTec Servs., Inc. v. Encompass Servs., Inc.*, 597 S.E.2d 881, 883 (S.C. Ct. App. 2004) (discussing elements of breach of contract accompanied by fraudulent act).

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 115). Accordingly, Defendants' motion for summary judgment, (Dkt. No. 79), is GRANTED and this action is dismissed with prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 2?, 2013
Charleston, South Carolina

4